United States District Court
Southern District of Texas

**ENTERED**

July 16, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YONISKEL DURAN CABRERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-0628 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Yoniskel Duran Cabrera ("Petitioner"), a citizen of Cuba, entered the United States on August 3, 2022.[1] On August 6, 2022, Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2] On November 13, 2025, Petitioner was taken into Immigration and Customs Enforcement custody.[3] On February 17, 2026, an immigration judge ordered

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 11. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Response to the Petition for Writ of Habeas Corpus and Motion for Summary ("Respondents' MSJ"), Docket Entry No. 11, p. 2.

[3]Id.

Petitioner removed to Cuba.[4]     Petitioner reserved the right to appeal that decision and remains in immigration custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).[6]     Petitioner argues that his detention without a bond hearing violates due process.[7]     Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[8]     Petitioner has filed a cross motion for summary judgment, arguing that the court should grant summary judgment in Petitioner's favor because Respondents have failed to challenge the material facts raised in the Habeas Petition and because Petitioner's treatment while detained violates due process.[9]

---

[4]Id.

[5]Id.

[6]Petitioner has also filed a Motion to Supplement the Record (Docket Entry No. 13) and a Motion for Decision on the Record (Docket Entry No. 14).  The court will grant Petitioner's Motion to Supplement the Record (Docket Entry No. 13).

[7]Habeas Petition, Docket Entry No. 1, pp. 7–9 ¶¶ 26–36

[8]Respondents' MSJ, Docket Entry No. 11, pp. 1–2.

[9]Petitioner's Reply to the Response and Motion for Summary Judgment Filed by Respondents, and Cross-Motion for Summary Judgment ("Cross Motion for Summary Judgment"), Docket Entry No. 12, p. 7; Petitioner's Letter, Exhibit 1 to Motion to Supplement the Record, Docket Entry No. 13-1, pp. 4–6.  Petitioner also argues that the court should strike Respondents' MSJ because they failed to include the required signed certification that a physical copy of the Response was mailed to Petitioner as required by the court's Order to Answer (Docket Entry No. 4).  Id. at 4.  However, the
(continued...)

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).    Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).    This mandatory detention does not violate substantive or procedural due process.    As explained in García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"    Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

---

[9](...continued) court's Order to Answer only requires documents filed with the Clerk of Court to "contain a signed certificate stating the date a true and correct copy of the" document "was mailed and to whom mailed." Respondents complied with the court's Order to Answer by including a certificate of service, certifying that "on March 2, 2026, [the MSJ] was filed and served on all attorneys of record via the District's ECF system." Respondents' MSJ, Docket Entry No. 11, p. 11. Moreover, even if Petitioner was not served by mail, he was not prejudiced by the lack of service because his attorney responded promptly to Respondents' MSJ. Cross Motion for Summary Judgment, Docket Entry No. 12 (filed March 20, 2026).

Petitioner's Motion to Supplement the Record (Docket Entry No. 13) is **GRANTED**.   For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED,** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) and Cross Motion for Summary Judgment (Docket Entry No. 12) as amended by Petitioner's Motion to Supplement the Record (Docket Entry No. 13) are **DENIED.** Accordingly, Petitioner's Motion for Decision on the Record (Docket Entry No. 14) is **DENIED AS MOOT.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 16th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-4-